UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-cr-00121-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **RODNEY MARKEISE FUNDERBURK,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's Motion to Vacate Conviction and Petition for Writ of *Coram Nobis*. The Court notes that the same motion has been filed in United States v. Funderburk, 3:18cr47, which is before the undersigned awaiting sentencing. Such filing is, however, understandable, because resolution of this motion will impact sentencing in 3:18cr47. The petition is properly filed in this case as it contains the Judgment which defendant seeks to vacate; the filing in the 2018 case is not procedurally appropriate and will be denied without prejudice. Defendant will be therein advised to file, at the appropriate time, the substance of such request as an Objection to the criminal history determination, making reference to the motion in this case, and to also file a protective Motion for Variance in the event the Objection is overruled based on a denial of the petition in this action, if such should occur.

Putting aside the procedural aspects, the Court now turns to the substance of the petition. In this case, both sides have made persuasive arguments: the Court agrees with the government that United States v. Neal, 418 Fed. App'x 246 (4th Cir. 2011) provides critical guidance, but also agrees with defendant that Judge Whitney's later resolution of Neal v. United States, No. 3:04-CR-73, 2013 WL 674049, at *1 (W.D.N.C. Feb. 25, 2013) is critical in fully understanding both

1

defendant's Simmons arguments as well as pointing out concessions the government has made in the past. Indeed, the Court has read the government's brief in Neal, which is found as pleading No. 5 in Neal v. United States, 3:12cv753, wherein it conceded, as follows:

> In this case, Petitioner's most serious prior conviction is a Class H felony with a prior record level of II. Under North Carolina General Statutes § 15A-1340.17(c) and (d), the highest sentence Petitioner could have received for that conviction was 10 months. Under *Simmons*, then, that conviction was not for an offense punishable by more than one year in prison, and because Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction. While all parties understood at the time of Petitioner's conviction that he did have an adequate predicate conviction under *Harp* and *Jones*, *Simmons* now makes clear that he did not and, because Petitioner was convicted for conduct that we now understand is not criminal under § 922(g)(1), § 2255 relief is warranted.

Neal, 3:12cv753 (#5) at 5.

Despite the excellent briefing herein, the Court wants to hear oral arguments from both sides and determines that hearing the instant petition during the sentencing hearing in 3:18cr47 would be the appropriate time for that to occur. Indeed, if the government were to persuade the Court at that time that *Coram Nobis* relief was not appropriate in this '04 case, the Court could then move directly to a consideration of the Section 3553(a) factors in the '18 case, which would include consideration (under the protective Motion for Variance) of whether counting the earlier conviction creates a sentencing disparity with Neal.

The Court will, therefore, stay its consideration of the instant motion and direct the Clerk of Court to notice a hearing of this motion at the time of sentencing in 3:18cr47.

2

**ORDER**

**IT IS, THEREFORE, ORDERED** that consideration of defendant's Motion to Vacate Conviction and Petition for Writ of *Coram Nobis* is **STAYED**, and the Clerk of Court is instructed to Notice hearing of this motion at the time of sentencing in 3:18cr47.

Signed: June 1, 2018

Max O. Cogburn Jr
United States District Judge